UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Corliss K., | No. 24-cv-03707 (KMM/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| Frank Bisignano, *Commissioner of Social Security*, | |
| Defendant. | |

Plaintiff Corliss K. brought this action after Defendant Commissioner of Social Security[1] denied his applications for both Social Security Disability Insurance and Supplemental Security Income benefits, asking the Court to reverse the Commissioner's final decision and either award benefits or remand Plaintiff's applications back to the Commissioner for further proceedings. (Dkt. 1.) Plaintiff filed a brief in support of his Complaint on December 20, 2024, and the Commissioner filed a brief in opposition on January 16, 2025.[2] (Dkts. 10, 12.) On July 22, 2025, United States Magistrate Judge John

---

[1] When the Complaint was filed on September 20, 2024, Martin O'Malley was the Commissioner of the Social Security Administration and was named as the defendant in this action. (Dkt. 1.) Frank Bisignano became the Commissioner of Social Security on May 7, 2025 and has been substituted as the defendant pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. No further action need be taken to continue this suit by reason of the last sentence of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Social Security actions under 42 U.S.C. § 405(g) are "presented for decision on the parties' briefs," rather than summary judgment motions. Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g), Rule 5.

1

F. Docherty recommended dismissing Plaintiff's Complaint with prejudice. (Dkt. 13.) Plaintiff timely objected to that report and recommendation ("R&R"). (Dkt. 14; *see* Dkt. 15.)

The Court reviews de novo any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). In the absence of objections, the Court reviews the R&R for clear error. *Nur v. Olmsted County*, 563 F. Supp. 3d 946, 949 (D. Minn. 2021) (citing Fed. R. Civ. P. 72(b) and *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam)). District courts "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b); *see also* Fed. R. Civ. P. 72(b)(3). Having considered Plaintiff's objections and having conducted the required de novo review of the relevant portions of the R&R, the Court overrules Plaintiff's objections and accepts the R&R in full.

Plaintiff argues that the Administrative Law Judge ("ALJ") who rejected his disability claims legally erred in how she considered the medical opinions of two state agency consultants ("Consultants") in formulating Plaintiff's Residual Functional Capacity ("RFC").[3] (Dkt. 14.) These alleged errors specifically relate to the ALJ's finding that Plaintiff's RFC was limited to "occasional" interaction with coworkers, when the Consultants' medical opinions, which the ALJ found to be "generally persuasive,"

---

[3] Those consultants are Dr. Ray Conroe, who completed a medical opinion regarding Plaintiff in August 2022, and Dr. Cynthia Crandall, who completed a medical opinion in November 2022. (Dkt. 14 at 4–5.)

2

concluded that Plaintiff had the capacity only for "brief and superficial" contact with coworkers. (*Id.* at 5–6.)

First, Plaintiff asserts that the ALJ violated Social Security Ruling ("SSR") 96-8p by failing to create a "logical bridge" between the evidence in the record and the RFC determination. (*Id.* at 6–11.) Plaintiff focuses on the lack of an explanation regarding the ALJ's decision to not include the Consultants' "superficial" coworker-interaction limitation despite finding their opinions to be "generally persuasive." *Id.*; *see generally Amy G. v. Dudek*, No. 24-cv-1348 (JWB/SGE), 2025 WL 1666835, at *4 (D. Minn. May 8, 2025) (characterizing SSR 96-8p's requirements as the need to build a "logical bridge" between the RFC and the evidence in the record), *R&R adopted sub nom. Amy G. v. Bisignano*, 2025 WL 1666744 (D. Minn. June 12, 2025). In the R&R here, Judge Docherty found no legal error because the ALJ, in determining Plaintiff's RFC, considered the Consultants' opinions alongside the other evidence in the record and "extensively incorporated" the Consultants' opinions into her conclusion. (Dkt. 13 at 8–9, 11.)

Based on a review of the ALJ's decision and the Administrative Record,[4] the Court agrees with Judge Docherty and finds that the ALJ's explanation for her RFC determination satisfies SSR 96-8p. Although the ALJ stated that it was "consistent with the record to limit [Plaintiff] to semiskilled work with additional interaction restrictions," the ALJ also cited the objective medical evidence showing largely unremarkable mental-status findings and highlighted Plaintiff's successful engagement in daily activities, such as managing his

---

[4] The Social Security Administrative Record ("R.") is available at Docket Entry 7.

child's appointments, where the "social interactions required in order to perform these activities are the same as those necessary for obtaining and maintaining employment." (R. 31–32.) This rationale provides a "logical bridge" between the evidence in the record and the ALJ's decision to limit Plaintiff to "occasional" coworker interaction. While Plaintiff seeks a specific explanation for the ALJ's choice to use "occasional" rather than "superficial," the ALJ is not required to "list and reject" nor "explicitly reconcile" every possible limitation recommended by the Consultants. *See McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011) ( "list and reject"); *Austin v. Kijakazi*, 52 F.4th 723, 729 (8th Cir. 2022) ( "explicitly reconcile") (cleaned up and quotation omitted); *see also Tria V. H. v. Colvin*, No. 23-cv-2979 (KMM/SGE), 2025 WL 66505, at *3 (D. Minn. Jan. 10, 2025) (rejecting a similar argument because "the ALJ was not required to list and reject nor explicitly reconcile every possible limitation" by the medical expert) (quotations omitted).

Nor does the ALJ's finding that the medical opinions were "generally persuasive" require her to adopt the opinions "word-for-word." *Amy G.*, 2025 WL 1666835, at *4; *Wyatt v. Kijakazi*, No. 23-1559, 2023 WL 6629761, at *1 (8th Cir. Oct. 12, 2023) (per curiam) (holding that an ALJ is "not required to adopt the exact limitations set forth in the opinions she found persuasive"); *Tria V. H.*, 2025 WL 66505, at *3 (affirming the ALJ's decision to adopt limitations different than those in a medical opinion where "[t]he ALJ concluded that [the medical expert's] opinion was *generally* persuasive and that [the ALJ] accounted for the opinion in the RFC to the extent it was consistent with the entire record"). The explanation provided by the ALJ provides a "logical bridge" between the evidence and

her RFC determination to satisfy SSR 96-8p, and substantial evidence exists in the record to support it.

Second, Plaintiff contends that the ALJ committed legal error by substituting "occasional" for "superficial" in the enumerated RFC because "occasional," a quantitative limitation, and "superficial," a qualitative limitation, are legally distinct terms. (Dkt. 14 at 6.) As noted by Judge Docherty, the Eighth Circuit has addressed this argument directly in *Lane v. O'Malley*, rejecting that distinction as a "manufactured inconsistency." No. 23-1432, 2024 WL 302395, at *1 (8th Cir. Jan. 26, 2024); *see* Dkt. 13 at 9. Nonetheless, Plaintiff attempts to distinguish *Lane* by citing *Jason L. v. O'Malley*, No. 23-cv-184 (JWB/JFD), 2024 WL 965240 (D. Minn. Mar. 6, 2024), a post-*Lane* case remanding the denial of a Social Security claim based on this distinction. (Dkt. 14 at 12–14.) But "Plaintiff's attempt to distinguish *Lane* ignores its explicit rejection of the argument Plaintiff makes in this case"—that the distinction between the terms is meaningful—when *Lane* has held it is not. *Jennifer L. v. Comm'r of Soc. Sec. Admin.*, No. 23-cv-1822 (KMM/TNL), 2024 WL 4003021, at *3 (D. Minn. Aug. 30, 2024). This holding also tracks with decisions by other courts that have declined to find that ALJs erred in similar circumstances. *See, e.g., Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015); *Reynolds v. Kijakazi*, 25 F.4th 470, 474 (7th Cir. 2022); *Shaibi v. Berryhill*, 883 F.3d 1102, 1107 (9th Cir. 2017); *see also Julie L.P. v. O'Malley*, No. 23-cv-2980 (PJS/ECW), 2024 WL 4973207, at *11 (D. Minn. Oct. 18, 2024), *R&R adopted sub nom. Julie P. v. O'Malley*, 2024 WL 4880375 (D. Minn. Nov. 25, 2024). In view of *Lane* and

the weight of authority, the Court finds no error in the ALJ's use of "occasional" rather than "superficial" in the RFC.

Because the Court finds that the ALJ did not commit legal error, **IT IS HEREBY ORDERED that:**

1. Plaintiff's Objections to the Report and Recommendation (Dkt. 14) are **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation (Dkt. 13) is **ACCEPTED**;

3. The Commissioner's decision denying Plaintiff's claims for benefits is **AFFIRMED**; and

4. This matter is **DISMISSED WITH PREJUDICE**.

**Let Judgment be Entered Accordingly.**

Date: September 22, 2025

*s/Katherine Menendez*
Katherine Menendez
United States District Judge